IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| UNITED STATES OF AMERICA | § | |
| --- | --- | --- |
| | § | |
| | § | CASE NO. 6:15CR17 |
| | § | |
| vs. | § | |
| | § | |
| | § | |
| | § | |
| CHAD CALHOUN | § | |
| | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

On September 24, 2015, United States District Judge Michael H. Schneider referred Defendant's Motion to Suppress Physical Evidence (ECF 30) in the above-styled criminal matter to the undersigned. The Court conducted a hearing on the motion on October 27, 2015. The Court recommends that Defendant's Motion to Suppress be **DENIED**.

### PROCEDURAL HISTORY

On February 19, 2015, a federal grand jury returned an Indictment charging Defendant with one count of Possession of Child Pornography, in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2). The grand jury returned a Superseding Indictment on September 16, 2015, charging Defendant with one count of Receipt of Child Pornography, in violation of 18 U.S.C. §§ 2252A(a)(2)(A) and (b)(1), and one count of Possession of Child Pornography, in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2).

Defendant filed the Motion to Suppress on September 17, 2015. Defendant argues that a laptop computer seized from his home on June 25, 2014 should be deemed inadmissible because it was accessed on June 27, 2014. Defendant asserts that he has been unable to obtain a

satisfactory answer as to who accessed the computer and why, or whether chain-of-custody protocols were followed. According to Defendant, the laptop was stored in a property room under the supervision of Detective Winn at the time it was accessed. Det. Winn was later convicted of tampering with evidence on July 15, 2015.

The government filed its response on September 23, 2015. The government contends that the alleged accessing of the laptop on June 27, 2014 is a reliability issue and not an admissibility issue. The government asserts that forensic analysis by both parties revealed that no files of child pornography were accessed or modified and no child pornography files were created, modified, deleted or accessed. The government explains that Det. Winn's conviction concerns drug offenses that are unrelated to this case. The government characterizes Defendant's motion as a chain-of-custody issue and the reliability of the evidence should be a matter left for the jury's determination.

The Court conducted a hearing on October 27, 2015. At the hearing, Defendant conceded that his independent analysis did not show any access to or modification of relevant files, but he argues that access in and of itself amounts to an alteration or change to the computer. In addition, Det. Winn tampered with other evidence, even if it was drug evidence, that was located in the same evidence locker. The government asserted that the laptop was lawfully seized and law enforcement had a right to look at it. According to the government, the issues raised by Defendant go towards the authenticity of the evidence in custody and not its admissibility.

## DISCUSSION AND ANALYSIS

Importantly, Defendant's motion does not challenge whether the laptop was lawfully searched or seized, or otherwise challenge the constitutionality of the laptop evidence. Instead, the motion asserts that evidence must be authenticated pursuant to FED. R. EVID. 901(a), which

states that "the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Defendant further argues that the questions concerning the "non-forensic" accessing of the computer on June 27, 2014, combined with Det. Winn's conviction, raises "serious questions that compromise the chain of custody of this evidence."[1]

Determining the admissibility of evidence is generally within the sound discretion of the trial judge. *United States v. Jardina*, 747 F.2d 945, 950 (5th Cir. 1984) (citing *United States v. Clayton*, 643 F.2d 1071, 1074 (5th Cir. 1981)). If a defendant questions whether the evidence sought to be offered is the same evidence that was actually seized, the government must make a *prima facie* showing of authenticity. *Id*. Once a *prima facie* showing of authenticity is made, "the evidence should be admitted, and the jury has the ultimate responsibility for deciding the authenticity issue." *United States v. Sparks*, 2 F.3d 574, 582 (5th Cir. 1993) (citing *United States v. Logan*, 949 F.2d 1370, 1377–78 (5th Cir. 1991), cert. denied, 504 U.S. 925, 112 S.Ct. 1981, 118 L.Ed.2d 580 (1992).

In *Sparks*, for example, the defendant questioned whether a pill bottle containing crack cocaine offered at trial was the same pill bottle that was confiscated from him by a police officer. Similarly, *Jardina* concerned whether counterfeit bills offered at trial were the same ones passed by Jardina. Here, Defendant does not challenge whether the laptop sought to be admitted into evidence is the same laptop that was seized from his residence. Rather, Defendant argues that the laptop is not in the same condition it was when it was seized because an unknown person accessed it on June 27, 2014.

Defendant's brief relies on a case out of the 7th Circuit regarding chain of custody issues. In that case, the court held that the trial judge must determine whether a physical exhibit is being offered in substantially the same condition as when the crime was committed when considering

---

[1] *See* Defendant's Motion to Suppress Physical Evidence with Brief in Support, ECF 30, p. 5.

whether the exhibit is admissible. *See United States v. Aviles*, 623 F.2d 1192, 1197 (7th Cir. 1980). In this Circuit, however, questions concerning whether there has been a break in the chain of custody go "to the weight of the evidence, not its admissibility." *United States v. Sparks*, 2 F.3d at 582 (citing *United States v. Shaw*, 920 F.2d 1225, 1229–30) (5th Cir.), cert. denied, 500 U.S. 926, 111 S.Ct. 2038, 114 L.Ed.2d 122 (1991)). "Weaknesses in the chain of custody go to the weight—not the admissibility—of evidence." *United States v. Logan*, 949 F.2d at 1378 (citing *United States v. Shaw*, 920 F.2d at 1229–30).

In this case, the Government asserts that the laptop was seized at the Defendant's residence, then went to the Hopkins County Sheriff's Office secured evidence locker and then went to the Homeland Security Investigations forensic laboratory. Defendant does not challenge that chain of custody, except to the extent that Defendant argues that an undocumented access to the laptop occurred while it was in the custody of the Hopkins County Sheriff's Office. Defendant similarly does not dispute that forensic analysis revealed that no files of child pornography were accessed or modified and no child pornography files were created, modified, deleted or accessed. "[T]he mere possibility of a break in the chain does not render the physical evidence inadmissible, but raises the question of the weight to be accorded by the jury to the sufficiency of the proof of a chain of custody." *United States v. White*, 569 F.2d 263, 266 (5th Cir.), cert. denied, 439 U.S. 848, 99 S.Ct. 146, 58 L.Ed.2d 149 (1978). The chain of custody has not been "shattered irreparably." *See United States v. Logan*, 949 F.2d at 1377.

These facts establish a *prima facie* showing of authenticity. The ultimate decision concerning the authenticity of the evidence and the weight it should be accorded are left to the jury. Defendant has not established a constitutional basis for the suppression of this evidence

and he has not shown that the evidence is inadmissible. As a result, the motion to suppress should be denied.

## RECOMMENDATION

In light of the foregoing, it is recommended that Defendant's Motion to Suppress Physical Evidence (ECF 30) be **DENIED**.

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b).

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Assn.*, 79 F.3d 1415, 1430 (5th Cir.1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

So ORDERED and SIGNED this 9th day of November, 2015.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE